Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for plaintiff Sarah Joyce Jackson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SARAH JOYCE JACKSON,

    Plaintiff,

    vs.

COUNTY OF SAN BERNARDINO,
ERIC P. DYBERG, GERARDO
MORENO, NICOLAS L. CRAIG, ERIC
J. OGAZ and DOES 1 through 10,
inclusive,

    Defendants.

Case No.:

COMPLAINT FOR DAMAGES FOR
VIOLATION OF FEDERAL
CONSTITUTIONAL RIGHTS
UNDER COLOR OF STATE LAW [42
U.S.C. § 1983] CLAIM FOR
UNREASONABLE SEIZURE OF
PERSON (U.S. CONST. AMEND 4);
CLAIM FOR EXECESSIVE /
UNREASONABLE USE OF FORCE
UPON PERSON (U.S. CONST.
AMEND 4); CLAIM FOR
UNREASONABLE SEIZURE OF
PROPERTY (U.S. CONST. AMEND
4) CLAIM FOR VIOLATION OF
FOURTH AMENDMENT RIGHTS
FROM UNREASONABLE /
UNLAWFUL ENTRY INTO &
SEARCH AND SEIZURE OF
PRIVATE RESIDENCE (U.S. CONST.
AMEND 4); VIOLATION OF FIRST
AMENDMENT RIGHTS [RIGHT TO
PETITION GOVERNMENT FOR
REDRESS OF GRIEVANCES /
FREEDOM OF SPEECH] (U.S.
CONST. AMEND 4); CLAIM FOR
VIOLATION OF FOURTH

COMPLAINT FOR DAMAGES

1

AMENDMENT RIGHTS BY
JUDICIAL DECEPTION /
FABRICATION OF EVIDENCE (U.S.
CONST. AMEND 4 & 14) and
MONELL CLAIM, and CALIFORNIA
STATE LAW CLAIMS FOR
VIOLATION OF CAL. CIV. CODE §
52.1; FALSE ARREST / FALSE
IMPRISONMENT; ASSAULT;
BATTERY; CONVERSION /
TRESPASS TO CHATTELS; AND
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiff SARAH JOYCE JACKSON, and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiffs' California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.     Plaintiff Sarah Joyce Jackson timely filed her Claim for Damages against the County of San Bernardino on November 5, 2020, pursuant to the

COMPLAINT FOR DAMAGES

2

California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claim has been rejected by defendant County of San Bernardino on December 17, 2020.

## GENERAL ALLEGATIONS

5.     Plaintiff Sarah Joyce Jackson, hereinafter referred to as "JACKSON" and/or "plaintiff" and/or "Sarah Jackson" is a natural person, who, at all times complained of in this action, resided in the State of California.

6.     Defendant County of San Bernardino, hereinafter also referred to as "County of San Bernardino" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

7.     Defendant Eric P. Dyberg, hereinafter referred to as "DYBERG", is a sworn Deputy Sheriff and or Corporal and/or Supervisor other peace officer with the San Bernardino County Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the San Bernardino County Sheriff's Department and defendant County of San Bernardino[1].

8.     Defendant Gerardo Moreno, hereinafter referred to as "MORENO", is a sworn Deputy Sheriff and or Corporal and/or Supervisor other peace officer with the San Bernardino County Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the San Bernardino County Sheriff's Department and defendant County of San Bernardino[2].

9.     Defendant Nicolas L. Craig, hereinafter referred to as "CRAIG", is a

---

[1] Or with some other public entity.
[2] Or with some other public entity.

COMPLAINT FOR DAMAGES

3

sworn Deputy Sheriff and or Corporal and/or Supervisor other peace officer with the San Bernardino County Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the San Bernardino County Sheriff's Department and defendant County of San Bernardino[3].

10.   Defendant Eric J. Ogaz, hereinafter referred to as "OGAZ", is a sworn Deputy Sheriff and or Corporal and/or Supervisor other peace officer with the San Bernardino County Sheriff's Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the San Bernardino County Sheriff's Department and defendant County of San Bernardino[4].

11.   Defendants DOES 1 through 6, inclusive, are sworn Deputy Sheriff and or Corporal and/or Supervisor other peace officer and/or dispatchers and/or Sheriff's Special Officer and/or some other public officer, public official or employee of defendant County of San Bernardino and/or with some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

12.   At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their

---

[3] Or with some other public entity.
[4] Or with some other public entity.

COMPLAINT FOR DAMAGES

4

authority as sworn Deputy Sheriff and or Corporal and/or Supervisor other peace officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant County of San Bernardino and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of San Bernardino[5].

13.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of San Bernardino and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of San Bernardino and/or with some other public entity, for: 1) for wrongfully detaining and arresting persons, including wrongfully seizing persons and taking them to a police station type facility to interrogate them as witnesses, not suspects; 2) for using excessive / unreasonable force on persons; 3) for unlawfully ordering persons out of their private residences without a warrant; 4) for otherwise unlawfully and unreasonably seizing persons; 5) for unlawful searching and seizing persons and their personalty / property; 6) for

_____

[5] Or with some other public entity.

COMPLAINT FOR DAMAGES

5

falsely arresting and falsely imprisoning persons; 7) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers, public officers and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for covering-up unlawful and tortious conduct by County of San Bernardino personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

14.    Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

15.    At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as sworn Deputy Sheriff and or Corporal and/or Supervisor other peace officers and/or Special Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of San Bernardino and/or with some other public entity, and/or some other public official(s) with the County of San Bernardino and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of San Bernardino[6].

16.    At all times complained of herein, defendants DOES 7 through 10,

---

[6] Or with some other public entity.

COMPLAINT FOR DAMAGES

6

inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant County of San Bernardino[7].

17.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of San Bernardino and/or with some other public entity, for, inter alia: 1) for wrongfully detaining and arresting persons, including wrongfully seizing persons and taking them to a police station type facility to interrogate them as witnesses, not suspects; 2) for using exceXZ Deputy ssive / unreasonable force on persons; 3) for unlawfully ordering persons out of their private residences without a warrant; 4) for otherwise unlawfully and unreasonably seizing persons; 5) for unlawful searching and seizing persons and their personalty / property; 6) for falsely arresting and falsely imprisoning persons; 7) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers, public officers and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for covering-up unlawful and tortious conduct by County of San Bernardino personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

_____

[7] Or with some other public entity.

COMPLAINT FOR DAMAGES

18.     In addition to the above and foregoing, defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff Sarah Jackson of her federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

19.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff Sarah Jackson's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### USE OF UNREASONABLE SEIZURE OF PERSON
### UNDER FOURTH AMENDMENT[8]
### [42 U.S.C. § 1983]
### (By Plaintiff JACKSON Against All Defendants)

20.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, inclusive, above, as if set forth in full herein.

21.     On February 15, 2019, Marty Palmer was murdered in Highland, California. Marty Palmer was an acquaintance of plaintiff JACKSON's boyfriend, Nicolas Ibarra.

22.     Thereafter, the Homicide Division of the San Bernardino Sheriff's Department launched an investigation into said murder. Plaintiff JACKSON never knew Marty Palmer, nor had plaintiff JACKSON ever met Marty Palmer.

_____

[8] U.S. Const. Amend. 4.

COMPLAINT FOR DAMAGES

8

23.    On or about July 14, 2020, defendants DYBERG, CRAIG and DOES 1 and 2, contacted plaintiff JACKSON at her home, located at 1629 Alta Street in Redlands, San Bernardino County, California, looking for her boyfriend; but her boyfriend, a truck driver who was away from home often due to his occupation, was not at home.

24.    Thereafter, on or about July 18, 2020, defendants DYBERG, CRAIG and DOES 1 and 2, again contacted plaintiff JACKSON at her home, looking for her boyfriend; but her boyfriend was again not at home. Defendants DYBERG, CRAIG and DOES 1 and 2, did not believe plaintiff JACKSON, and asked plaintiff JACKSON if they could enter and search her home to look for her boyfriend. Plaintiff JACKSON told defendants DYBERG, CRAIG and DOES 1 and 2, that she did not want them in her home.

25.    On July 22, 2020, at approximately 9:30 a.m., plaintiff JACKSON heard a knock on her door. She answered the door and was contacted by defendants DYBERG, CRAIG and certain unknown San Bernardino County Sheriff's Department deputy sheriffs, DOES 1 through 6, inclusive.

26.    Plaintiff JACKSON was then presented with a residential search warrant for her home.

27.    Plaintiff JACKSON was then handcuffed by a certain unknown female San Bernardino County Sheriff's Department deputy sheriff, DOE 1 and/or DOE 2. Said handcuffs were cinched down to plaintiff's wrists excessively tight, such as to cause plaintiff to suffer from excruciating pain.

28.    Thereafter, plaintiff JACKSON was placed into a patrol car and was taken to the San Bernardino County Sheriff's Department Central Station, Homicide Division, located at 655 East Third Street in San Bernardino, California, where plaintiff was interrogated for several hours by defendants DYBERG and/or CRAIG and/or MORENO and/or OGAZ and/or DOE 3 and/or DOE 4 and/or DOE 7. During the course of her false arrest and interrogation, Plaintiff

JACKSON verbally protested their unlawful actions to said defendants.

29.    After several hours of interrogation, plaintiff JACKSON was then transported to San Bernardino County Jail, West Valley Detention Center, in Rancho Cucamonga, California, where plaintiff was falsely imprisoned / incarcerated for a violation of Cal. Penal Code § 187 (murder) until she was released without charges nearly three days later, on July 25, 2020 at approximately 1:00 a.m.

30.    When plaintiff JACKSON returned home, she discovered that certain unknown San Bernardino County Sheriff's Department deputy sheriffs, DOE 5 and/or DOE 6, had unlawfully seized her cell phone and computer; personal property which the San Bernardino County Sheriff's Department has refused to return to plaintiff.

31.    On July 29, 2020, plaintiff JACKSON was notified by her employer that she had been terminated from her job. Thereafter, on July 30, 2020, plaintiff was able to convince her employer of her innocence and her false arrest for murder, and was able to get her job back.

32.    Moreover, because of plaintiff JACKSON was falsely arrested and imprisoned for murder, plaintiff's false felony arrest for murder is matter of public record, preventing plaintiff from obtaining future employment as potential employers are able to see that plaintiff was arrested for murder.

33.    The actions of defendants DYBERG, MORENO, GRAIG, OGAZ and DOES 1 through 7, inclusive, as complained above herein, constituted a violation of plaintiff JACKSON's rights under the Fourth Amendment to the United States Constitution to be free the arrest of her person in the absence of an arrest warrant, or probable cause to believe that she committed a crime.

34.    As a direct and proximate result of the actions of defendants DYBERG, MORENO, GRAIG, OGAZ and DOES 1 through 10, inclusive, plaintiff JACKSON was: 1) substantially physically, mentally and emotionally

injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

35.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff JACKSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

**SECOND CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON – USE OF EXCESSIVE /**
**UNREASONBLE FORCE UPON PERSON**
**UNDER FOURTH AMENDMENT[9]**
**[42 U.S.C. § 1983]**
**(By Plaintiff JACKSON Against All Defendants)**

36.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35, inclusive, above, as if set forth in full herein.

37.    As shown above, on July 22, 2020, plaintiff JACKSON was arrested at her home by defendants DYBERG, CRAIG and DOES 1 through 6, inclusive.

38.    Also, as shown above, plaintiff JACKSON was then handcuffed by a certain unknown female San Bernardino County Sheriff's Department deputy sheriff, DOE 1 and/or DOE 2 during the execution of a residential search warrant.

39.    Defendants DYBERG, CRAIG and DOES 1 through 6, inclusive, had neither an arrest warrant, nor probable cause, nor any reasonable suspicion of criminality afoot of the plaintiff JACKSON, and, nonetheless, when he/they handcuffed plaintiff JACKSON, he/they did so very excessively tight; causing

---

[9] U.S. Const. Amend. 4.

COMPLAINT FOR DAMAGES

11

plaintiff JACKSON to suffer physical, mental and emotional injury.

40.     Thereafter, plaintiff JACKSON was placed into a patrol car and was taken to the San Bernardino County Sheriff's Department Central Station, Homicide Division, located at 655 East Third Street in San Bernardino, California, where plaintiff was interrogated for several hours by defendants MORENO, OGAZ and/or DOE 3 and/or DOE 4 and/or DOE 7. During the course of her false arrest and interrogation, Plaintiff JACKSON verbally protested the unlawful actions to said defendants.

41.     After several hours of interrogation, plaintiff JACKSON was then transported to San Bernardino County Jail, West Valley Detention Center, in Rancho Cucamonga, California, where plaintiff was falsely imprisoned / incarcerated for a violation of California Penal Code § 187 (murder) until she was released without charges nearly three days later, on July 25, 2020 at approximately 1:00 a.m., when plaintiff had not committed any crime whatsoever.

42.     Hence, as shown above, by said handcuffing of the plaintiff JACKSON by defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 6, inclusive, constituted the use of unreasonable / excessive force upon her person, in violation of the Fourth Amendment to the United States Constitution.

43.     As a direct and proximate result of the actions of defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive, and the unlawful seizures by said defendants upon the plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

44.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of

COMPLAINT FOR DAMAGES

12

plaintiff JACKSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights
### Unreasonable Search and Seizure of Personal Property
### (By Plaintiff JACKSON Against All Defendants)

45.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44, inclusive, above, as if set forth in full herein.

46.     As shown above, the unlawful / unreasonable seizure and search of plaintiff JACKSON, plaintiff's cell phone and computer, and her private residence; and the unlawful / unreasonable seizure / arrest of plaintiff by defendants DYBERG, MORENO, CRAIG, OGAZ  and DOES 1 through 10, inclusive, constituted an unlawful and unreasonable seizure of her person and property, without a warrant (or alternatively, an invalid warrant based upon false material representations of fact and/or material omissions of fact), without reasonable suspicion of criminality afoot by the plaintiff, and without probable cause to believe that the plaintiff had committed a crime; in violation of her right to be free from such an unlawful and unreasonable seizures and searches of her person and property under the Fourth Amendment to the United States Constitution.

47.     However, defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 6, inclusive, knew that plaintiff JACKSON had not committed any crime, yet nonetheless forcibly seized and searched plaintiff's private residence, took plaintiff's cell phone and computer from her, went to her home and seized and searched her private residence and took items therefrom; all without a warrant (or alternatively, an invalid warrant based upon false material

representations of fact and/or material omissions of fact), consent or probable cause or reasonable suspicion that plaintiff JACKSON had committed any crime.

48.    As a direct and proximate result of the actions of defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive's unlawful / unreasonable seizures and searches of her person and personal property / personalty JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

49.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of JACKSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation Of Fourth Amendment Rights -
### Unreasonable / Unlawful Entry Into & Search and Seizure of
### Private Residence
### (By Plaintiff JACKSON Against All Defendants)

50.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

51.    At all times complained of in this action, plaintiff resided at a single family home located at 1629 Alta Street, Redlands, California.

52.    Defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive, falsely arrested and imprisoned plaintiff JACKSON, then entered the plaintiff's home without a warrant (or alternatively, an invalid warrant

COMPLAINT FOR DAMAGES
14

based upon false material representations of fact and/or material omissions of fact), or consent or an emergency, and searched the plaintiff's family home while the plaintiff was falsely arrested and  imprisoned and falsely accused of murder; and said defendants further ransacked the family home and unlawfully / unreasonably and seized and searched plaintiff's cell phone and computer, as well as other items that were taken from the plaintiff's home which are presently unknown to plaintiff, since no accounting has ever been given to plaintiff as to what items were taken from plaintiff JACKSON's home, all in the presence of plaintiff's boyfriend who witnessed the above-referenced said defendant officers.

53.    Arresting plaintiff JACKSON by defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive, constituted an unlawful seizure / arrest of her person under the Fourth Amendment to the United States Constitution.

54.    Plaintiff did not consent to the unlawful entry and search and ransacking the plaintiff's home in the presence of her boyfriend after plaintiff was falsely arrested and taken to jail.

55.    However, defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive, nonetheless searched the plaintiffs' home while plaintiff JACKSON was in jail accused of murder felonies; all based upon an invalid warrant, based upon false material representations of fact and/or material omissions of fact), consent or any exigency or emergency.

56.    The actions of defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive, during said incident complained of in this action, in entering into plaintiff's home, the warrantless (or alternatively, an invalid warrant based upon false material representations of fact and/or material omissions of fact), suspicionless, and otherwise unlawful / unjustified entry of said defendants into the plaintiff's home constituted a violation of the plaintiff's rights to be free from a warrantless entry into her home; and said unlawful entry

into the plaintiff's home was done in the absence of any consent, a true exigency or a true emergency, none of which existed, under the Fourth Amendment to the United States Constitution.

57.     As a direct and proximate result of the actions of defendants DYBERG, MORENO, CRAIG, OGAZ and DOES  1 through 10, inclusive's unlawful / unreasonable entry into the plaintiff JACKSON's private residence and the seizures and searches of her person and personal property / personalty, plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

58.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of JACKSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation Of First Amendment Right To**
**Freedom Of Speech / Right To Petition Government For Redress Of**
**Grievances**
**[42 U.S.C. § 1983]**
**(By Plaintiff JACKSON Against All Defendants)**

59.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60.     As shown above, the main motivating factor for the unlawful seizure / unreasonable seizure of plaintiff JACKSON by defendants, for the defendants use of force upon her and seizing and searching her personal property and private

COMPLAINT FOR DAMAGES

16

residence, was to retaliate against her for protesting her unlawful seizure and the use of unreasonable force upon her and upon her by said defendants, DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive, and was done in retaliation for plaintiff JACKSON verbally protesting her false arrest and imprisonment and redressing her grievances to DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive, and for other acts of protected speech to other government officials.

61.     Accordingly, said actions / conspiracy of the defendants, and each of them, to falsely seize and search plaintiff and her personal property, and keep plaintiff locked up in jail accused of murder for nearly three days, was done to deprive her / in retaliation for JACKSON's exercise of her First Amendment rights.

62.     Moreover, the use of unreasonable force upon plaintiff and her unlawful seizure was done to further deprive her / in retaliation for plaintiff JACKSON's exercise of her First Amendment rights.

63.     Plaintiff JACKSON's verbal protests to defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive, for being assaulted, battered, and falsely seized and accused of murder was speech that is/are protected by the First Amendment to the United States Constitution.

64.     A substantial or motivating factor in the decision of the defendants to take said actions in against plaintiff JACKSON, was her exercise of her right to freedom of speech / right to petition, as described above.

65.     But for plaintiff JACKSON's exercise of her right to freedom of speech / right to petition as described above, said defendants would not have taken the actions against plaintiff JACKSON that they did.

66.     As a direct and proximate result of the actions of defendants DYBERG, MORENO, CRAIG, OGAZ and DOES  1 through 10, inclusive's violation of plaintiff's right to protest / petition government / redress grievances,

COMPLAINT FOR DAMAGES

17

plaintiff JACKSON was: substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

67.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of JACKSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

### SIXTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation Of Fourth Amendment Rights -**
**Judicial Deception**
**(By Plaintiff JACKSON Against All Defendants)**

68.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.    As shown above, the defendants DYBERG and/or MORENO and/or CRAIG and/or OGAZ and/or DOES 1 through 6, inclusive, submitted to a San Bernardino County Superior Court Judge Dwight Moore a warrant affidavit that contained one or more misrepresentations and/or omissions material to the finding of probable cause; and defendants DYBERG and/or MORENO and/or CRAIG and/or OGAZ and/or DOES 1 through 6, inclusive, made those misrepresentations and/or omissions either intentionally or with reckless disregard for the truth.

70.    Said judicial deception was done by defendants DYBERG and/or MORENO and/or CRAIG and/or OGAZ and/or DOES 1 through 6, inclusive, in violation of plaintiff JACKSON's rights under the Fourth Amendment to the United States Constitution.

COMPLAINT FOR DAMAGES

71.     As a direct and proximate result of the actions of defendants DYBERG, MORENO, CRAIG, OGAZ and DOES 1 through 10, inclusive's violation of plaintiff's rights by judicial deception, plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

72.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of JACKSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

## SEVENTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (By Plaintiff JACKSON Against all Defendants)

73.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 72, inclusive, above, as if set forth in full herein.

74.     As shown above, defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive, used the threat of force and actual use of force and violence against plaintiff JACKSON to stop her verbally protesting their actions and to chill her from doing so in the future, that were being perpetrated against her.

75.     Also as shown above, said defendants used unreasonable force and violence against plaintiff JACKSON because of her protests of their actions perpetrated against her.

76.     The actions of defendants DYBERG, MORENO, CRAIG, OGAZ

COMPLAINT FOR DAMAGES
19

and DOES 1 through 10, inclusive, above-described, were done in retaliation for plaintiff's exercise of her First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by plaintiff to said defendant police officers about their mistreatment of the plaintiff as well as plaintiff exercising her Fourth Amendment right to be secure in her person and her property and Fifth Amendment right not to bear witness to herself.

77.     Said actions by said defendants constitute the use of actual force and violence, and the threatened use of force and violence against the plaintiff for her exercise of her First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by plaintiff to said defendant police officers about their mistreatment of the plaintiff as well as plaintiff exercising her Fourth Amendment to be secure in her person and her property and Fifth Amendment right not to bear witness to herself.

78.     Moreover, as shown above, said defendant police officers falsely arrested and falsely imprisoned the plaintiff, using actual force and violence against plaintiff, as well as threats of same.

79.     Said defendant police officers, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

80.     Said defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10 are liable to plaintiff for said violations of her constitutional rights, pursuant to California Civil Code § 52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

81.     As a direct and proximate result of the actions of said defendants,

plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

82.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

83.     In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, the plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them, save defendant COUNTY, in this action.

## EIGHTH CAUSE OF ACTION
**False Arrest / False Imprisonment**
**Under California State Law**
**(By Plaintiff JACKSON Against all Defendants)**

84.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 83, inclusive, above, as if set forth in full herein.

85.     As complained of above, plaintiff JACKSON was unlawfully seized and arrested by defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive, on July 22, 2020.

86.     As complained of above, said defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10 had neither reasonable suspicion of criminality afoot about plaintiff JACKSON, nor probable cause to believe that plaintiff JACKSON had committed a crime.

COMPLAINT FOR DAMAGES

87.    Defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive, are liable to plaintiff for their false arrests / false imprisonments pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

88.    As a direct and proximate result of the actions of DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive, plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

89.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

## NINTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By Plaintiff JACKSON Against All Defendants)

90.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 89, inclusive, above, as if set forth in full herein.

91.    The actions committed by DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon plaintiff JACKSON and constituted a battery of her by DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive, under California state law.

92.    Defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and

COMPLAINT FOR DAMAGES
22

DOES 1 through 10, and each of them, are liable to plaintiff JACKSON for said batteries of her, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

93.     As a direct and proximate result of the actions of DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

94.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

## TENTH CAUSE OF ACTION
### Assault
### Under California State Law
### (By Plaintiff JACKSON Against all Defendants)

95.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 94, inclusive, above, as if set forth in full herein.

96.     The actions committed by DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive, above-described, constituted an assault of plaintiff JACKSON under California state law, as said plaintiff was unlawfully placed in reasonable fear of receiving an imminent violent injury by defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive.

97.     Defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and

COMPLAINT FOR DAMAGES
23

DOES 1 through 10, inclusive, and each of them, are liable to under California state law for said assaults of plaintiff, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

98.     As a direct and proximate result of the actions of DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

99.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

**ELEVENTH CAUSE OF ACTION**
**Conversion / Trespass to Chattels**
**Under California State Law**
**(By Plaintiff JACKSON Against All defendants)**

100. Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

101. Plaintiff JACKSON owned and possessed a cell phone and computer identified hereinabove and at all times mentioned herein.

102. Said defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10 inclusive, intentionally and substantially interfered with plaintiff JACKSON's use of her property by taking possession of plaintiff's cell phone and computer, and other items taken from the family home which have

COMPLAINT FOR DAMAGES
24

never been accounted for by said defendants.

103. Plaintiff JACKSON did not consent to said defendants, and each of them, to the taking of her cell phone and computer.

104. Plaintiff JACKSON was harmed by the taking of her cell phone and computer, and other items taken from the family home which have never been accounted for by said defendants.

105. Said defendants' conduct, and each of them, was a substantial factor in causing plaintiff's harm.

106. As a direct and proximate result of the actions of DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

107.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

### TWELFTH CAUSE OF ACTION
**Intentional Infliction Of Emotional Distress
Under California State Law
(By Plaintiff JACKSON Against All Defendants)**

108.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 107, inclusive, above, as if set forth in full herein.

109.   Defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive, and each of them, knew and/or should have known

that plaintiff was susceptible to suffering severe emotional distress from the actions taken and committed against plaintiff as complained of above and herein.

110.   Moreover, the conduct of said defendants, for all of the incidents complained of herein, were outrageous and not the type of conduct condoned in a civilized society.

111.   As a direct and proximate result of the actions of DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

112.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

### THIRTEENTH CAUSE OF ACTION
### MONELL LIABILITY[10]
### [42 U.S.C. § 1983]
### (By Plaintiff JACKSON Against All Defendants)

113.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 112, inclusive, above, as if set forth in full herein.

114.   As set forth above, at all times complained of herein, defendants

---

[10] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978); municipal liability for constitutional torts of agent officers a proximate cause of constitutional violations by individual defendants.

COMPLAINT FOR DAMAGES

DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, inclusive, were acting pursuant to , or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of San Bernardino and/or with some other public entity, for, inter alia: 1) for wrongfully detaining and arresting persons, including wrongfully seizing persons and taking them to a police station type facility to interrogate them as witnesses, not suspects; 2) for using excessive / unreasonable force on persons; 3) for unlawfully ordering persons out of their private residences without a warrant; 4) for otherwise unlawfully and unreasonably seizing persons; 5) for unlawful searching and seizing persons and their personalty / property; 6) for falsely arresting and falsely imprisoning persons; 7) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers, public officers and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for covering-up unlawful and tortious conduct by County of San Bernardino personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

115.  Because of these policies, customs and practices of defendant COUNTY, defendants DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 6, inclusive committed the constitutional torts (plaintiff's 42 U.S.C. § 1983 claims) complained of above.

116.  As a direct and proximate result of the said policies, customs and practices of COUNTY and the actions of DYBERG, MORENO, CRAIG, OGAZ, COUNTY and DOES 1 through 10, plaintiff JACKSON was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and

COMPLAINT FOR DAMAGES

expenses, and 3) incurred lost wages, loss of her personalty / private property and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)      For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00;

b)      For a judgment against all defendants for punitive damages in an amount in excess of $5,000,000.00;

c)      For an award of reasonable attorney's fees and costs;

d)      For a trial by jury; and

e)      For such other and further relief as this honorable court deems just and equitable.


JERRY L. STEERING
Attorney for plaintiff
SARAH JOYCE JACKSON

COMPLAINT FOR DAMAGES
28